**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10386

Non-Argument Calendar

————————————

ANTHONY LEWIS, M.D.,

*Plaintiff-Appellant,*

*versus*

HCA FLORIDA LAWNWOOD HOSPITAL,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cv-14147-DMM

————————————

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Anthony Lewis appeals the dismissal of his amended complaint against Lawnwood Hospital, a Florida hospital operated by

Hospital Corporation of America. The district court dismissed the complaint as a shotgun pleading and alternatively for failure to state a claim under federal and Florida law. Fed. R. Civ. P. 12(b)(6). Because Lewis does not challenge the ruling that the amended complaint failed to state a claim for relief, we affirm.

## I. BACKGROUND

Lewis's complaint alleges events that arise out of his affiliation as a physician with Lawnwood Hospital. Lewis sued the hospital for retaliation, a hostile work environment, defamation, and breach of contract. He alleged that the hospital violated federal law when, after he complained of race-based discrimination, it subjected him to a series of "frivolous, unfounded 'peer review' investigations" that were racially motivated and failed to meet minimum federal standards. *See* 42 U.S.C. §§ 1101, 1981, 1983, 1985, 2000e-2. He also alleged that the hospital violated Florida law when it breached its bylaws by failing to provide adequate notice regarding the investigations and made "untruthful and slanderous comments" to his fellow physicians. These investigations culminated in the termination of his medical staff privileges. The district court explained that the complaint spanned "70 pages, with charts interspersed, and with numerous attachments," contained allegations that were "redundant and include[d] references to statutes and facts . . . hav[ing] no apparent connection to his purported causes of action," and contained facts that were "rambling, excessively long and at times incoherent."

Lawnwood Hospital moved to dismiss the complaint. The district court ruled that the complaint did not satisfy federal pleading standards and constituted an impermissible shotgun pleading. It dismissed the complaint without prejudice and granted Lewis leave to file an amended complaint. Lewis filed an amended complaint, and Lawnwood Hospital moved to dismiss it, too. The district court determined that the amended complaint was "quite similar to the original" and that the "major difference" was that Lewis had transferred text from the body of the complaint to footnotes and not made "any meaningful effort to cure the defective complaint." It ruled that the amended complaint remained an impermissible shotgun pleading and failed to state a claim for relief under federal and Florida law. It dismissed the amended complaint with prejudice.

## II. STANDARDS OF REVIEW

"When a district court dismisses a complaint because it is a shotgun pleading, we review that decision for abuse of discretion." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). When the district court also dismisses the complaint because it fails to state a claim, we review that decision *de novo* and accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *McCarthy v. City of Cordele*, 111 F.4th 1141, 1145 (11th Cir. 2024). When the district court interprets state law, we review that interpretation *de novo*. *Smith v. R.J. Reynolds Tobacco Co.*, 880 F.3d 1272, 1279 (11th Cir. 2018).

### III. DISCUSSION

Lewis argues that his first amended complaint is not a shotgun pleading and that the district court violated his "First Amendment right of petition" and his "one-time right" to amend his first amended complaint. He presents no arguments to challenge the alternative ruling that his amended complaint also failed to state a claim for relief under federal and Florida law. So, we need not reach his former arguments because his failure to brief the latter issue is fatal to his appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Separately, Lewis asks us to reverse the order entered after the dismissal of his amended complaint, in which the district court sanctioned his counsel. Because review of that order exceeds the scope of this appeal—which is limited to the order dismissing Lewis's amended complaint—and is the subject of another pending appeal in our Court, we do not reach his request.

### IV. CONCLUSION

We **AFFIRM** the dismissal of Lewis's amended complaint, **DENY** his motion to supplement the record, and **DENY** the parties' competing motions for sanctions.